printed brief said: The rule of construction by which so express a limitation is to be avoided should be very certain and positive, otherwise the intention of the testator, as so plainly expressed by him, must govern. "All mere technical rules of construction," says SHARSWOOD, J., in Reck's App., 78 Pa. 435, "must give way to the plainly expressed intention of a testator, if that intention is lawful. It is a rule of common sense as well as law, not to attempt to construe that which needs no construction." See also Woelpper's App., 126 Pa. 575.

The appellant's contention moreover contravenes the peremptory rule that the heir and next of kin shall not be deprived of his rights under the intestate laws, except by express devise or necessary implication: Hitchcock v. Hitchcock, 35 Pa. 393; Hancock's App., 112 Pa. 532; Bender v. Dietrick, 7 W. & S. 284; Rupp v. Eberly, 79 Pa. 141; Cooper v. Pogue, 92 Pa. 254.

Where there is any limitation over, there can be no inference that the use of the life tenant should be by absorption of the principal or any portion of it, otherwise there might be no remainder after the term for life for the limitations to take effect upon: Sheaffer's App., 8 Pa. 38.

PER CURIAM, April 18, 1898:

Without assenting to all that was said by the learned judge who wrote for the court below, we all agree that his conclusion, on which the decree is based, is correct. There is nothing in the questions involved that requires discussion.

Decree affirmed and appeal dismissed at appellant's costs.

---

## Christian N. Seidle v. John Holmes, Appellant.

*Vendor and vendee—Marketable title—Mortgage—Dower—Partition.*

Two brothers, H. and W., were tenants in common of real estate inherited from their father subject to their mother's dower interest. W. conveyed all of his interest to H. Subsequently in partition proceedings between H. and the widow, for the purpose of fixing the widow's dower, the whole of the estate was awarded to H., subject to a certain fixed dower. Prior to the partition proceedings H. had executed a mortgage on the whole

premises, and after the partition proceedings he executed a second mortgage on the whole premises. Subsequently he executed a third mortgage to W., the consideration specified being exactly one half of the amount fixed as dower in the partition proceedings. After the death of the widow, a scire facias was issued upon the first mortgage, and at the sale the property was bought by the holder of the second mortgage. *Held,* that the purchaser took a good marketable title free from any possible claim of W.

Argued April 20, 1898. Appeal, No. 132, Jan. T., 1898, by defendant, from order of C. P. Centre County, April T., 1898, No. 190, on case stated. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

The facts appear by the opinion of LOVE, P. J., which was as follows:

From the case stated it appears that John Snavely died May 29, 1876, intestate, seized of a tract of land in Walker township, Centre county, containing one hundred and seventy-three acres, more or less, particularly described in' the case stated, leaving to survive him a widow, Rachael Snavely, and two sons, Henry C. Snavely and William Snavely. November 15, 1877, William Snavely and Nancy Ellen, his wife, conveyed all their right, title and interest in and to said premises to Henry C. Snavely, which deed was duly recorded November 16, 1877. His interest was the undivided interest inherited from his father. November 15, 1877, Henry C. Snavely executed a mortgage upon the whole of said premises to Andrew Martin to secure a debt of $5,000, which was duly recorded November 16, 1877. On January 29, 1879, amicable proceedings were had in the orphans' court of Centre county upon the petition of Rachael Snavely and H. C. Snavely for the purpose of fixing the widow's dower. The dower was fixed at the sum of $4,470, and H. C. Snavely formally accepted the premises at the appraised value thereof, which was decreed by said court to him, his heirs and assigns forever, and entered into a recognizance to pay the widow the annual interest thereon, and at her death to pay the principal of said sum to the person or persons legally entitled thereto. On May 21, 1880, H. C. Snavely executed a mortgage to J. H. Lick upon said premises to secure the payment of the sum of $6,000, which was duly recorded the

same day. On September 9, 1882, H. C. Snavely executed a
third mortgage upon said premises to William Snavely to se-
cure the payment of $2,235, which was duly recorded Septem-
ber 13, 1882.

Mrs. Rachael Snavely died on August 15, 1895. Then
a scire facias was duly issued upon the first of the foregoing
mortgages, and judgment duly obtained thereon in favor of
Andrew Martin's executor, who was duly substituted as plain-
tiff upon the record, viz: John S. Martin, for the sum of
$6,665.24, January 7, 1890. Execution process was issued
thereon and said premises were duly and regularly sold by the
sheriff of Centre county, April 28, 1890, to John H. Lick for
the price or sum of $6,800, and the sheriff executed and duly
acknowledged and delivered his deed to said purchaser for the
same. J. H. Lick, said purchaser, has since died, and his title
to said premises became duly vested in Christian N. Seidle, the
plaintiff. Christian N. Seidle, the plaintiff, February 1, 1898,
entered into articles of agreement with John Holmes for the
sale of said premises to Holmes for the consideration therein
named, and has executed and duly acknowledged a deed there-
for, with covenant of general warranty of said premises, and has
tendered the same to said Holmes, the defendant. The said
defendant declined to receive the same on the ground that the
title may not be clear of liens, especially of the lien of the mort-
gage of September 9, 1882, executed by H. C. Snavely to Wil-
liam Snavely, upon said premises.

William Snavely and wife, having conveyed all their right
and title to the premises to H. C. Snavely by deed duly exe-
cuted and recorded November 15, 1877, had no further interest
therein as against a subsequent mortgagee of H. C. Snavely,
who, by said conveyance, became the owner of the whole of
said premises, as heir of John Snavely and grantee of William
Snavely, subject to life interest of Rachael Snavely to the one
third interest therein. And Henry C. Snavely, having executed
a mortgage upon the whole of said premises, November 15, 1877,
to Andrew Martin, which was prior to any other lien upon said
premises, and the property being sold upon said first mortgage,
after the decease of the widow, the purchaser at said sheriff's
sale, in our opinion, took a good title, free from all incum-
brances, and the plaintiff being duly invested with the title

possessed by said sheriff's sale, has a good and sufficient title to said land, free from incumbrances. We are, therefore, of opinion on the case stated that the judgment should be entered in favor of the plaintiff thereon for costs.

And now, March 25, 1898, judgment is directed to be entered in favor of the plaintiff on the case stated for costs,—to which defendant excepts.

*Error assigned* was entering judgment for plaintiff.

*Harry Keller*, for appellant.—The decision of the court below overlooks the fact that William Snavely's deed to his brother Henry and the latter's mortgage to Martin were executed simultaneously, and that Martin, under the circumstances, very probably knew that William had deeded, or intended to deed, only the undivided one third of said premises to his brother; as well as the fact that the purchaser at said sheriff's sale was John H. Lick, the owner of the second mortgage, which was given after partition proceedings had indicated the real state of affairs, and that he, too, was therefore cognizant of William's rights and equities, and that the recognizance given to secure his interest in the principal of the widow's dower had never been paid or satisfied. This being so, then his vendee, the plaintiff in the case stated, was affected by like notice. Plaintiff has no fee: Holt's App., 98 Pa. 258; Swayne v. Lyon, 67 Pa. 436; Mitchell v. Steinmetz, 97 Pa. 251; Doebler's App., 64 Pa. 9; Kostenbader v. Spotts, 80 Pa. 430; List v. Rodney, 83 Pa. 483; Jeffries v. Jeffries, 117 Mass. 184; Roberts v. Basseet, 105 Mass. 409; Sibley v. Spring, 28 Am. Dec. 191; Maupin on Marketable Title, sec. 284; Freetly v. Barnhart, 51 Pa. 279.

*George B. Woomer* and *A. O. Furst*, for appellee, were not heard.

PER CURIAM, April 20, 1898:
Judgment affirmed at bar.